## People's Bank, Trustee, et al. v. American National Bank.

CORPORATION—*when individual debt of owners of, will be enforced against.* Where a corporate business is owned in the entirety by persons who have borrowed money for the express purpose of purchasing such corporate business and who have in fact purchased such corporate business with the money so borrowed, the debt so created will be enforced against the corporation.

Bill in chancery. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

LILLARD & WILLIAMS, E. E. DONNELLY and H. D. SPENCER, for appellants.

JOHN E. POLLOCK, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill in chancery in the nature of a bill of interpleader, filed by the People's Bank of Bloomington, Illinois, against the American National Bank of Findlay, Ohio, and others. The bill avers and the evidence adduced on the hearing discloses the following facts: On March 30, 1906, the Schneider Shoe Company, a corporation organized and doing business under the laws of Illinois, and engaged in the retail boot and shoe business in Bloomington, Illinois, being insolvent, prepared a statement of its financial condition, showing the approximate value of its assets and its approximate liabilities, so far as it is claimed to know them, copies of which were sent to each of its creditors together with an offer to turn its assets over to the People's Bank, as trustee, to sell and collect the same and distribute the proceeds thereof among the creditors of said Schneider Shoe Company. All of the creditors in question accepted the proposition. The

People's Bank proceeded to execute the trust and after having done so, had on hand a total net sum sufficient to pay about 78 per cent. upon the claims of the then known creditors. At this time appellee, The American National Bank of Findlay, Ohio, presented to the trustee a note for about $1,050 signed by the Schneider Shoe Company and George W. Hall and Lottie P. Hall, and demanded that the same be treated as a part of the indebtedness of the shoe company and be paid *pro rata* out of the fund in the hands of the trustee, threatening in case of a refusal, to institute legal proceedings. Certain of the creditors of the shoe company, upon learning of the claim of appellee, protested against the payment of any part of the fund in question, and threatened in the event of such payment being made, to bring suit against the trustee for the amount so paid, upon the ground that the note in question was that of George W. Hall and Lottie P. Hall, only, and not that of the shoe company, and that the name of the said shoe company was signed to said note without its authority. Appellee and a number of the protesting creditors entered their appearance and stipulated to waive further pleadings and an interlocutory decree of interpleader, and to submit the issue as to whether appellee was entitled to a distributive share of the fund, upon the evidence.

The chancellor, upon hearing, decreed that the complainant pay the American National Bank the sum of $795, its *pro rata* share of the fund. From such decree the complainant and objecting creditors aforesaid, prosecute this appeal.

The evidence shows that in March, 1900, one Wakefield and others, for the purpose of carrying on the retail boot and shoe business in the city of Bloomington, Illinois, organized a corporation called Schneider Shoe Company with a capital stock of $15,000. In April, 1904, George W. Hall and Lottie P. Hall, his wife, bought the entire capital stock of said corporation for the sum of $16,000. The capital stock was

reduced to $11,000 and George W. Hall, who was elected the president of the company, thereafter managed the business until the corporation became insolvent and executed an assignment as averred in the bill.

Prior to the purchase of said capital stock, Hall, who was then residing at Findlay, Ohio, applied to the cashier of appellee at Findlay for a loan of $1,500, which he stated was to be invested in the shoe business at Bloomington, Illinois. He and his wife signed a note payable to appellee for the sum of $1,500, the proceeds of which were paid to Hall by a draft, which he used in part payment for the capital stock of the Schneider Shoe Company. The original note to the bank was dated March 26, 1904, and was renewed in September, 1904, March, 1905, and September, 1905, all of said renewal notes being signed by Hall and his wife. At the maturity of the last note on November 14, 1905, appellee refused to renew the same, and thereafter Hall made monthly payments thereon until the amount due was but about a thousand dollars. On March 30, 1906, appellee received the statement and proposition hereinbefore referred to, requesting the various creditors of the Schneider Shoe Company to consent to the appointment of the People's Bank as trustee. Oeff, the cashier of appellee, at once visited Bloomington, and at his request, Hall signed the name of the Schneider Shoe Company to the note. Neither Oeff nor the other officers of appellee had prior to that time any knowledge of the existence of the corporation.

There is some conflict in the evidence as to whether or not Hall purchased the capital stock of the corporation, or merely the stock of merchandise owned by it. In support of the former contention, a written contract was introduced in evidence, between Wakefield and others, the former owners of the capital stock, and Hall, which recites in substance that Hall had purchased and was to pay for the "stock" of the Schneider

Shoe Company the sum of $15,000; that the sum of $9,000 was to be paid therefor upon invoice; and that the "shares of stock" purchased were to be assigned by the vendors in blank and delivered to and held by the People's Bank until the balance of the purchase price was paid in the manner and at the time therein provided. Hall testified that notwithstanding the recitals of such contract, what he bought was the stock of goods. The evidence tends to show further that in his dealings with some of the creditors Hall did business as the Schneider Shoe Company and with others under the name of George W. Hall, and that he reported to one commercial agency under the corporate name, and to another under his individual name.

We do not consider the question as material or controlling. For the purpose of this proceeding, which is purely equitable, we regard the certificates of stock as being but evidence of ownership of the merchandise; and the assignment of the same, in blank, as but a convenient method adopted by the parties for the transfer of the title to such merchandise, and the preservation of a lien thereon for the security of the vendors. In other words, the transfer of the certificates was formal only, the real transaction being the purchase of the merchandise. The trustee took and has no greater interest or better title to the merchandise or its proceeds than had Hall. Schwartz v. Messinger, 167 Ill. 474; Davis v. Dock Co., 129 Ill. 180. The evidence satisfactorily establishes that appellee extended credit to Hall solely upon his representation that he intended using the money loaned to him in part purchase of the stock of goods, and that it was so used. Inasmuch as Hall and his wife owned and controlled all of the capital stock of the corporation, he was in fact but carrying on the business in the name of the corporation. The doctrine of *ultra vires* invoked by appellant is inapplicable. The facts in Wheeler v. Home Savings Bank, 188 Ill. 34, cited by appellants, differ from those here involved in that

there the insolvent corporation received no benefit whatever from the debt contracted by its president and was therefore not responsible for the same either in law or equity.

Inasmuch as the money represented by the note held by appellee was used in the business conducted by Hall, equity demands that it be paid *pro rata* from the proceeds of such business without regard to the name or style under which the same was conducted or the particular form of the evidence of the indebtedness.

The decree of the Circuit Court is accordingly affirmed.

*Affirmed.*